**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE BELLSOUTH CORPORATION SECURITIES LITIGATION** | **1:02-cv-2142-WSD** |

**ORDER**

This is a federal securities class action brought against BellSouth Corporation ("BellSouth") and specific officers and directors of BellSouth. It is before the Court on Plaintiffs' Renewed Motion for Class Certification [179].[1]

**I.   BACKGROUND**

Plaintiffs allege claims under the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act"). Plaintiffs contend the company and individual defendants knew about or recklessly disregarded practices that the company engaged in during the class period, causing the company's revenue to be overstated and the company's stock to be artificially inflated.

---

[1] On March 3, 2006, the Court denied as moot Plaintiffs' initial motion for class certification. (See Mar. 3, 2006 Order [177].)

On February 8, 2005, the Court entered an Order, granting in part and denying in part Defendants' Motion to Dismiss. Specifically, the Court (i) dismissed Plaintiffs' claims under the Exchange Act, except that based on the write down of Latin American goodwill, and (ii) dismissed Plaintiffs' claims under the Securities Act, except those based on the write down of Latin American goodwill, failure to adopt Staff Accounting Bulletin 101 in a timely manner with respect to publishing revenues, overstatement of unbilled publishing receivables and overbilling of Competitive Local Exchange Carriers. (See Feb. 8, 2005 Order [98].)

Plaintiffs request that the Court certify a proposed class (the "Class") consisting of all persons and entities who purchased or otherwise acquired BellSouth common stock between November 7, 2000 and February 19, 2003. Plaintiffs also request that the Court certify a proposed subclass (the "DRIP Subclass") consisting of all persons and entities who purchased BellSouth securities between November 7, 2000 and February 19, 2003, pursuant to or

traceable to the DRIP Registration Statement filed with the Securities and Exchange Commission ("SEC") in connection with BellSouth's Direct Re-Investment Plan.[2]

Lead Plaintiffs select Anthony P. Venezia, Edward M. Blau, William E. Espey, and Lonnie Miller as proposed class representatives (the "Proposed Class Representatives"). The Proposed Class Representatives are shareholders who suffered losses from their purchases of BellSouth common stock during the class period. Lead Plaintiffs also select Plaintiff Margaret Lapin as the proposed DRIP Subclass representative (the "Proposed DRIP Subclass Representative"). The Proposed DRIP Subclass Representative is the executrix of the estate of her husband who purchased BellSouth securities during the class period pursuant to or traceable to the DRIP Registration Statement.

On March 21, 2006, BellSouth filed its Response to Plaintiffs' Motion for Class Certification [182]. "BellSouth does not currently oppose provisional certification of the proposed class, but BellSouth does oppose the proposed Class

---

[2] Excluded from the proposed Class and DRIP Subclass are Defendants, members of the immediate families of the Individual Defendants, any entity in which Defendants or any excluded person has or had a controlling interest, the officers and directors of BellSouth and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

Period." (BellSouth's Resp. to Pls.' Mot. for Class Cert. at 1.) BellSouth contends the class period for the Class bringing claims under Sections 10 and 20 of the Exchange Act should not extend to February 19, 2003, but should end on July 22, 2002, and that only the class period for the DRIP Subclass can extend to February 19, 2003. (Id. at 2.) "Plaintiffs do not oppose the class periods proposed by Defendants." (Pls.' Reply in Support of Renewed Motion for Class Cert. [183] at 1.)

## II. DISCUSSION

"The initial burden of proof to establish the propriety of class certification rests with the advocate of the class." Rutstein v. Avis Rent-A-Car Sys. Inc., 211 F.3d 1228, 1233 (11th Cir. 2000). In considering class certification, the Court must accept as true all allegations in Plaintiffs' complaint. See In re Theragenics Corp. Sec. Litig., 205 F.R.D. 687, 694 (N.D. Ga. 2002).

To maintain this case as a class action, Plaintiffs must satisfy all the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). See Fed. R. Civ. P. 23(a)-(b); Rutstein, 211 F.3d at 1233. In the context of federal securities class actions,

> [t]he courts have generally followed a policy of liberal construction of Rule 23 . . . . In a doubtful case, it is better to allow the case to proceed as a class action. The Eleventh Circuit has explicitly recognized that securities class actions serve both the public interest in maintaining the integrity of the securities markets and the private interests of investors who would not otherwise obtain redress of grievances through a multiplicity of small individual damage suits.

In re Theragenics Corp. Sec. Litig., 205 F.R.D. at 693-94.

    A.    Rule 23(a)

Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "These four requirements commonly are referred to as the prerequisites of numerosity, commonality, typicality, and adequacy of representation, and they are designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims." Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1346 (11th Cir. 2001) (quotation and citation omitted).

1.   *Numerosity*

To satisfy the numerosity requirement, Plaintiffs must establish that the members of the proposed class and subclass are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a). "Numerosity is generally presumed when a claim involves nationally traded securities." In re Theragenics Corp. Sec. Litig., 205 F.R.D. at 694. In this case, involving purchasers of BellSouth common stock over a nearly two-year period, the Court finds that joinder of all members of the proposed class and subclass would be impracticable and Plaintiffs have satisfied the numerosity requirement.

2.   *Commonality*

To satisfy the commonality requirement, Plaintiffs must demonstrate that questions of law or fact are common to the entire class. Fed. R. Civ. P. 23(a). "It is not necessary that all questions of law and fact be common." In re Theragenics Corp. Sec. Litig., 205 F.R.D. at 694. Instead, the commonality inquiry "focuses on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." Piazza, 273 F.3d at 1347. Here, Plaintiffs allege Defendants violated accounting standards, falsely increased reported revenues and avoided or delayed

charges which reduced earnings.  Plaintiffs claim Defendants consequently made material misrepresentations or omissions in public statements and assert claims of fraud on the market.  Having demonstrated questions of law and fact are common to the entire class and subclass, Plaintiffs have satisfied the commonality requirement.

### 3. *Typicality*

The typicality requirement is satisfied if the claims of the class representatives are typical of the claims of the class members.  While "commonality refers to the group characteristics as a whole . . . typicality refers to the individual characteristics of the named plaintiff in relation to the class."  Piazza, 273 F.3d at 1346.  As discussed above, the Proposed Class Representatives' claims arise from the same allegations and are based on the same legal theories as the claims asserted by the unnamed class members.  Similarly, the Proposed DRIP Subclass Representative's claims are also based on the same facts and legal theories as those asserted by the DRIP Subclass members.  Accordingly, Plaintiffs have satisfied the typicality requirement.

### 4. *Adequacy of Representation*

To satisfy the adequacy of representation requirement, the class representatives must demonstrate they have "common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel." Piazza, 273 F.3d at 1346. Plaintiffs have demonstrated the Proposed Class Representatives and the Proposed DRIP Subclass Representative seek to recover from Defendants for the same alleged unlawful misconduct as the class members, and that the class and subclass representatives do not have a conflict of interest with members of the class or subclass as a whole. Furthermore, the counsel representing the class and subclass representatives are experienced in securities class action litigation. For these reasons, Plaintiffs have satisfied the adequacy of representation requirement.

### B. Rule 23(b)

To satisfy their Rule 23(b) requirement, Plaintiffs choose to proceed under Rule 23(b)(3). Under Rule 23(b)(3), the Court considers (i) whether "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (ii) whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Fed. R. Civ. P. 23(b)(3). These requirements are commonly referred to as the predominance and superiority requirements.

        1.    *Predominance*

To satisfy the predominance requirement, "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." Rutstein, 211 F.3d at 1233. "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." Id. at 1234. As discussed previously, Plaintiffs here allege Defendants made material misrepresentations or omissions in public statements and assert claims of fraud on the market. Plaintiffs claim these factual allegations constitute violations of the Exchange and Securities Acts. The only issues affecting individual members involve individual damages calculations. Accordingly, the Court finds common questions of law and fact predominate over questions affecting only individual members. See In re Theragenics Corp. Sec. Litig., 205 F.R.D. at 697 ("A finding to the contrary would be inconsistent with the overwhelming majority of the published decisions in this area.").

### 2. *Superiority*

The superiority requirement requires Plaintiffs to demonstrate the class action is the superior method for adjudication of the controversy. In this federal securities action, prosecution by individual shareholders would be prohibitive from both the individual plaintiff's and the court's perspectives, and the Court finds this case is best managed as a class action.

## III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' Renewed Motion for Class Certification [179] is **GRANTED**. The Court certifies a class of all persons and entities who purchased or otherwise acquired BellSouth common stock between November 7, 2000 and July 22, 2002, inclusive, and who were damaged thereby, as well as a subclass of all persons and entities who purchased BellSouth securities between November 7, 2000 and February 19, 2003, inclusive, pursuant to or traceable to BellSouth's Direct Re-Investment Plan Registration Statement filed with the SEC. These classes shall exclude Defendants, members of the immediate families of the Defendants, any entity in which Defendants or any excluded person has or had a controlling interest, the officers and directors of BellSouth and the

legal affiliates, representatives, heirs, controlling persons, successors, and

predecessors in interest or assigns of any such excluded party.

**SO ORDERED**, this 3rd of April, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE