## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE BELLSOUTH
CORPORATION SECURITIES
LITIGATION

1:02-cv-2142-WSD

## ORDER AND FINAL JUDGMENT

Before the Court is Plaintiffs' Motion for Final Approval of Class Action

Settlement [211][1] ("Plaintiffs' Approval Motion").  The terms of the settlement are

set forth in the Amended Stipulation and Agreement of Settlement [202] and

---

[1]  Also before the Court are Plaintiffs' Motion to File Declaration Under Seal and Memorandum in Support [208] and Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [210].  Although the Court stated at the fairness hearing that it would seal those portions of the hearing transcript and documents in the declaration designated as confidential by BellSouth, the Court has determined that the material in question, if disclosed, would not impact BellSouth's commercial or competitive interests, is not the kind of information that is commonly considered confidential, and otherwise is sufficiently limited.  The Court notes that the material in question generally concerns an internal BellSouth business evaluation and accounting practice.  At a conference with the Court on December 12, 2006, counsel for BellSouth acknowledged that, had any shareholders attended the fairness hearing, they would not have asked for them to be excluded before this practice or any other matter was discussed.  This confirms the Court's finding that the information at issue is not entitled to continued protection as confidential information and thus is not entitled to be sealed.  Plaintiffs' Motion to File Declaration Under Seal and Memorandum in Support [208] is **DENIED** as moot.

Supplement Agreement [202] (collectively, the "Settlement Agreement") between

Plaintiffs and Defendant BellSouth Corporation ("BellSouth").

On December 8, 2006, this Court held a hearing pursuant to Federal Rule of

Civil Procedure 23(e)(1)(c)(3) to determine the fairness, reasonableness, and

adequacy of the Settlement Agreement (the "fairness hearing").  Having considered

the terms set forth in the Settlement Agreement, the information submitted in

Plaintiffs' Motion for Final Approval of Claim Settlement, and the presentations of

the parties at the fairness hearing, the Court finds that the Settlement Agreement is

fair, reasonable, and adequate, and not the product of collusion, except that the

Court defers its decision on Plaintiffs' application for attorneys' fees as set forth in

¶¶ 11-14 of the Settlement Agreement and in Plaintiffs' Motion for an Award of

Attorneys' Fees and Reimbursement of Expenses.  Final consideration of

Plaintiffs' request for attorney fees and expenses is deferred until the Court can

determine the shareholder response to the Settlement Agreement.

This Court has "a heavy duty to ensure that any settlement is fair,

reasonable, and adequate. . . ." Piambino v. Bailey, 757 F.2d 1112, 1139 (11th Cir.

1985).  The Court must guard against "the potential for a collusive settlement, a

sellout of a highly meritorious claim, or a settlement that ignores the interests of

minority class members. . . ." Id.   A settlement "should stand or fall on the

adequacy of its terms. . . . If the terms are fair, the court may reasonably conclude

that counsel did perform adequately." In re Corrugated Container Antitrust Lit.,

643 F.2d 195, 211 (5th Cir. 1981).[2]   The "general ground rules" for assessing

settlement terms are:

> First, the district court must evaluate the likelihood that
> plaintiffs would prevail at trial.  Second, the district court
> must establish a range of possible recovery that plaintiffs
> would realize if they prevailed at trial.  And third, guided
> by its findings . . . the district court must establish, in
> effect, the point on . . . the range of possible recovery at
> which settlement is fair and adequate.

Id. at 212.

The parties represented at the fairness hearing and in Plaintiffs' Approval

Motion that a notice of settlement (the "Notice") substantially in the form approved

by the Court in the Preliminary Order for Notice and Hearing in Connection with

Settlement Proceedings [203] ("Preliminary Order") was mailed to all persons and

entities:  (I) identified as having acquired BellSouth common stock between

November 7, 2000 and July 22, 2002 (the "10(b) class"); and (ii) to all persons and

---

[2]  In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the
Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit
rendered prior to October 1, 1981.

entities believed to have purchased shares pursuant to BellSouth's Direct

Investment Plan Registration Statement BellSouth securities between November 7,

2000 and February 19, 2003 (the "DRIP class"), excluding Defendants, immediate

family members of Defendants, entities in which Defendants or any excluded

person has a controlling interest, officers and directors of BellSouth and its legal

affiliates, and the representatives, heirs, controlling persons, successors, and

predecessors-in-interest or assigns of any excluded party (collectively, the

"Class").  The identity of Class members was determined by the records of

BellSouth's transfer agent, and notices were sent to the shareholder addresses set

forth in such records.[3]  The parties further represented at the fairness hearing that a

summary notice of the fairness hearing was published in *The Wall Street Journal*

pursuant to the Court's specifications in the Preliminary Order.  The Court finds

that the Class was given adequate opportunity to respond to the Notice, to object to

the terms of the Settlement Agreement, and to submit proofs of claim.[4]

---

[3] To the extent that shares were held in the street name of a broker or securities dealer, the broker or dealer either itself sent notice to the individual shareholder or provided the shareholder's name and address to the Claims Administrator, who then sent notice to the individual shareholder.

[4] The Court notes that the burden of the proof of claim requirement for shareholders possessing fewer than 1500 shares was lightened considerably

The Court has considered independently the fairness, reasonableness, and adequacy of the Settlement Agreement.  During the fairness hearing, the Court required and received comprehensive and thoughtful presentations from the parties regarding the strengths and weaknesses of the claims remaining in Plaintiffs' case, the potential recovery from the remaining claims, the probability of success on liability and damages for each of the remaining claims, the evidence available supporting the remaining claims and defenses, the conduct of the two mediation proceedings in which the parties participated, the course, content, and manner of settlement negotiations between the parties, the expert damage analyses provided to the parties, the adequacy of the notice process, the manner of allocation of the settlement funds, and the objections of Class members.

From the parties' presentations and the substance of the briefing, the Court concludes that the settlement amount is fair, reasonable, and adequate.  Plaintiffs would have faced significant problems proving both their liability and damages case for the claims at issue in this action.  Plaintiffs' range of potential recovery was broad.  Plaintiffs' "unbilled receivables" claim, for example, sought recovery

---

pursuant to the Court's suggestions at the Preliminary Approval hearing.  The Court further notes that in excess of 784,000 notices sent, only five Class members objected to the burdens imposed by the proof of claim requirements.

of $1.62 million dollars.  By contrast, Plaintiffs' "Latin-American write-down" claim sought damages of more than $900 million.  Plaintiffs' range of recovery, if successful, was therefore from a little over one and one-half million (if successful on the unbilled receivables claim alone) to just under one billion (if successful on at least the Latin-American write-down claim).

The Court believes it is fair to estimate that Plaintiffs' chance of prevailing on any claim was less than 5%.  Specifically, Defendant demonstrated significant problems with Plaintiffs' ability to prove the scienter element with regard to the Latin-American write-down, which comprised the core of Plaintiffs' potential damages.  Defendant also set forth a substantial causation defenses for all claims, and a "truth-on-the-market" defense that would have presented further difficulties to Plaintiffs' Latin-American write-down claims at trial.  In light of Plaintiffs' low odds of recovery and broad range of potential damages, the Court finds $35 million to be a fair, reasonable, and adequate settlement amount.

The Court also considered carefully each of the objections filed by shareholders.  Approximately 784,756 shareholders received notice of the Settlement Agreement and the opportunity to object to it, including at the fairness hearing.  Thirty-six objections were filed, and the Court read and considered each

6

objection.  The Court considered whether the low number of objections was a result of shareholder apathy, insufficiency in the notice process, or whether the number was low simply because the Settlement Agreement was not objectionable. The Court did not find any insufficiencies in the notice process as presented by the parties at the fairness hearing.  While the Court believes most shareholders are not likely to receive a significant monetary amount from the Settlement Agreement, and thus have little incentive to participate in the process, the Court notes that eleven of the thirty-six objections were filed by holders of fewer than 600 shares, with five of those filed by holders of fewer than 100 shares.  Small shareholders were thus represented in the objections.

Generally, the shareholder objections fell into four categories.  The most frequent objection was to the amount of attorneys' fees.  The second category of objections consisted of philosophical opposition to class actions in general, and to the lawsuit against BellSouth in particular.  The third category of objections opposed the proposed settlement amount as too small and resulting in too little recovery for shareholders.  The fourth (and smallest) category consisted of five objections expressing concern that the proof-of-claim process was too complex. The Court carefully considered all of these objections, particularly those addressed

to the proof-of-claim process.  The Court finds that none of the objections alter its

conclusion that the Settlement Agreement is fair, reasonable, and adequate.

Having considered the submissions and presentations of the parties, the

objections of the Class members, the Court's assessment of the strength of

Plaintiffs' case, and the nature of securities action settlements generally, the Court

concludes that the Settlement is fair, reasonable, and adequate, has been arrived at

in the interests of the Class, is the product of an arms' length negotiation between

the parties, and is not collusive.  The Court further concludes that the pro-rata

nature of the Plan of Allocation is fair to the Class as a whole.  The Court does not

in this Order reach a final decision regarding Plaintiffs' Motion for an Award of

Attorneys' Fees and Reimbursement of Expenses [210].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Final Approval of

Class Action Settlement [211] is **GRANTED IN PART** and **DEFERRED IN**

**PART**.  The Motion is **GRANTED IN PART** to the extent that the Court

**APPROVES** the Amended Stipulation and Agreement of Settlement [202] and

Supplemental Agreement [206], except those portions of the Settlement Agreement

pertaining to attorneys' fees, which, along with Plaintiffs' Motion for an Award of

Attorneys' Fees and Reimbursement of Expenses [210], are **DEFERRED** for consideration at a later hearing in accordance with the terms of this Order. Plaintiffs' Counsel shall be paid from the Settlement Fund reimbursement of expenses in the amount of $400,000 as an advance against expenses. This advance expense payment shall be made within seven (7) business days of this Order and Final Judgment. Plaintiffs further shall be paid the sum of $2,500,000 as an advance against attorneys' fees, which payment also shall be made within seven (7) business days of this Order and Final Judgment. The Parties are directed to consummate the Amended Stipulation and Agreement of Settlement and Supplemental Agreement in accordance with the terms and provisions found therein, except as noted above.

It is **FURTHER ORDERED** that Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [210] is **DEFERRED** until after a hearing on this issue is held in accordance with the terms of this Order.

It is **FURTHER ORDERED** that Plaintiffs shall, on or before February 1, 2007, submit the following information regarding claims filed by members of the Class:

1. The number of qualified claimants in the 10(b) class and the DRIP class;

2.  The average dollar amount of qualified claims for each class

3.  The aggregate dollar amount of qualified claims in each class; and

4.  The range, in dollars, of claim amounts for each class.

It is **FURTHER ORDERED** that a hearing on the Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [210] shall be held on March 9, 2007, at 10:00 a.m.

It is **FURTHER ORDERED** the Complaint [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 13th day of December, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE